THOMPSON, Judge.
Hartford Insurance Company (Hartford) appeals a final order awarding Canal Insurance Company (Canal) $25,000 on its cross-claim against Hartford. We reverse.
Both Hartford and Canal afforded insurance coverage on a tractor-trailer which was involved in an accident resulting in the death of two persons. Both the Hartford and the Canal policies afforded bodily injury coverage in the amounts of $100,000 per person and $300,000 per accident. During the ensuing wrongful death actions, the trial court determined that Hartford afforded primary coverage for the damages sustained by the plaintiffs. After this determination a settlement was reached in which Hartford paid $100,000, the limit of its coverage, to the personal representative of one estate, and Canal paid the same estate $25,-000. Hartford paid the second estate $70,-000 and Canal paid the second estate nothing.
*930 The cause proceeded on a cross-claim for coindemnity between Hartford and Canal. The trial court receded from its earlier order and found that Canal was the primary carrier by reforming Canal’s policy. The trial court then found that Canal was responsible for paying $170,000 of the total $195,000 settlement and that Hartford was responsible for the remaining $25,000. This court on appeal found that the trial court erred in reforming Canal’s policy and in finding that it was the primary carrier on the loss. Canal Insurance Co. v. Hartford Insurance Co., 415 So.2d 1295 (Fla. 1st DCA 1982), pet. for rev. den., 424 So.2d 761 (Fla. 1983).
Although the allocation of responsibility between the primary carrier and the excess carrier was correct, unfortunately this court in answer to a question on subrogation stated that Canal was entitled to recover the $25,000 it paid. The statement on subrogation was not necessary to the decision of who was the primary carrier and was erroneous. On remand for the entry of an order consistent with this court’s opinion, the trial court relied on the erroneous statement in this court’s opinion and entered the judgment appealed from.
REVERSED.
WIGGINTON, J., concurs.
ERVIN, C.J., specially concurs.